**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHERYL LOVE, an individual,

      Plaintiff-Appellant,

v.

HILTI, INC., a corporation licensed
and operating in the State of
Oklahoma,

      Defendant-Appellee.

No. 05-5104
(D.C. No. 04-CV-00114-CVE-SAJ)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

---

Plaintiff Cheryl Love, an African-American, sued her current employer,

Hilti, Inc., under 42 U.S.C. § 1981 and the Equal Protection Clause of the

Fourteenth Amendment, alleging racial discrimination and retaliation for

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

exercising her right to file an EEOC complaint.[1] The district court granted Hilti's motion for summary judgment, holding that there was insufficient evidence to create a genuine issue of material fact as to a racially discriminatory work environment and that Ms. Love's evidence was insufficient to create a genuine issue of fact as to whether Hilti's actions were a pretext for retaliatory discrimination. On appeal, Ms. Love argues that (1) the district court failed to explain its rulings, thereby precluding appellate review; (2) the district court failed to consider her circumstantial evidence showing race discrimination and retaliation; (3) the district court erred in finding no genuine issue of material fact; and (4) the district court failed to acknowledge clear questions of fact.

We review the district court's grant of summary judgment de novo. *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). In doing so, we apply "the same legal standard used by the district court." *Id.* "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id*. (quoting Fed. R. Civ. P. 56(c); further

---

[1]    Ms. Love also sued Hilti under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3, but she has abandoned her Title VII claims on appeal. *See* Aplt. Opening Br. at 1.

quotation omitted).  Also, we view the evidence and any reasonable inferences to be drawn from the evidence in the light most favorable to Ms. Love.  *Id.*

Applying these standards and after having carefully reviewed the briefs, Ms. Love's appendix and the applicable law, we conclude that Ms. Love has asserted no reversible error on appeal.  We therefore affirm the challenged district court decision for substantially the same reasons stated by that court in its Opinion and Order dated June 16, 2005.  *See* Aplt. App. at 344-55.  Contrary to Ms. Love's argument, the district court did sufficiently explain the rationale for its decision, thereby permitting her "to prepare an effective and/or meaningful appeal," Aplt. Opening Br. at 10.  And nothing suggests the district court did not consider the evidence Ms. Love presented.  The district court need not discuss in detail every piece of evidence considered in making its summary judgment determination; it must merely make a determination whether that evidence shows there is a genuine issue of material fact.  *Cf. Aramburu v. Boeing Co.*, 112 F.3d 1398, 1401 n.1 (10th Cir. 1997) (discussing summary judgment findings).

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge

-3-